UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MRIDULA BANERJEE,

                Plaintiff,                    **COMPLAINT**

    -against-

                                                                          Index No.:

ETIHAD AIRWAYS, P.J.S.C.

                Defendant.
-------------------------------------------------------------------x

The Plaintiff, MRIDULA BANERJEE, by her attorneys BOHRER & LUKEMAN, as and for her Complaint against Defendant ETIHAD AIRWAYS P.J.S.C., alleges the following upon information and belief:

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 ("The Montreal Convention").

2. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391(f), insofar as defendant ETIHAD AIRWAYS, PJSC, ("ETIHAD") is a foreign sovereign entity and has offices and transacts business in the Southern District of New York.

3. Plaintiff resides in Twinsburg, Ohio.

4. Defendant ETIHAD is a foreign corporation authorized to do business in the State of New York.

5. Defendant ETIHAD maintains its principal offices for the transaction of business in the United States at 600 Fifth Avenue, City, County, State, and within the judicial boundaries of the Southern District of New York.

6. The plaintiff's travel pursuant to the contract of carriage which forms the basis for this cause of action concluded in the State of New York.

7. Defendant ETIHAD was and is a common carrier engaged in the business of transporting passengers for hire by air.

8. As a common carrier of passengers by air, ETIHAD operates multiple flights that transport thousands of passengers daily to and from New York.

9. In furtherance of its operations as a common carrier, Defendant ETIHAD's employees, agents, servants and /or contractors are required to assist wheelchair and mobility challenged passengers either moving through airports or boarding and disembarking flights.

10. Moreover, air carriers that operate flights to and from the United States must provide boarding and wheelchair assistance in accordance with the Air Carrier Access Act.

11. On March 22nd, 2018, ETIHAD operated and controlled a certain aircraft, designated as ETIHAD flight EY103, from Abu Dhabi International Airport (AUH) to New York's John F. Kennedy International Airport (JFK)(The subject flight).

12. The subject aircraft, was upon information and belief, an Airbus A380.

13. On or about March 22nd, 2018, Plaintiff was an ETIHAD passenger ticketed to travel aboard the subject flight and was lawfully present in Abu Dhabi International Airport (AUH) for said purpose.

14. On March 22nd 2018, Plaintiff requested wheelchair service to assist her in boarding the aircraft.

15. Upon information and belief, ETIHAD's employees, agents, servants and/or contractors were responsible for assisting wheelchair passengers and the Plaintiff in particular with boarding the aircraft.

16. It was also the responsibility of ETIHAD's employees, agents, servants and/or contractors to insure that wheelchair passengers, and the Plaintiff in particular, were safely and securely placed into their wheelchairs and properly boarded onto the subject aircraft.

17. Once aboard the aircraft, it was the responsibility of ETIHAD's cabin and cockpit crew to insure the safe and secure operation of the aircraft and flight as well as the safety and well being of the passengers.

18. On March 22, 2018, while in the process of boarding the subject flight, plaintiff MRIDULA BANERJEE was injured as the result of an accident, namely, an unexpected or unusual event or occurrence external to the plaintiff, and not from the plaintiff's internal reaction to the ordinary operation of the aircraft.

19. Said accident occurred when one or more of ETIHAD's employees, agents, servants or contractors negligently, carelessly and/or recklessly caused Plaintiff MRIDULA BANERJEE to fall onto the ground as she was being placed into the wheelchair.

20. The aforesaid accident and fall caused the plaintiff to suffer serious injuries which required immediate emergency medical treatment and hospitalization.

21. However, rather than provide emergency medical treatment to the Plaintiff, the defendant ETIHAD, its employees, agents, servants and/or contractors placed her onto the approximately 14 hour subject flight to JFK Airport and deprived her of necessary and proper emergency medical treatment.

22. Defendant's failure to provide necessary and proper emergency medical treatment to the Plaintiff resulted in an exacerbation of her injuries caused by the fall and caused other injuries and/or illnesses that were unlikely to have occurred had Plaintiff been

provided with necessary and proper immediate emergency medical treatment.

23. Once aboard the subject flight, ETIHAD's cabin and/or flight had a duty to provide proper medical attention to the Plaintiff once they became aware of her injuries and illness.

24. As a result of said accident and further delay in providing emergency medical treatment, plaintiff MRIDULA BANERJEE was injured.

25. As a result of said accident and further delay in providing emergency medical treatment, plaintiff MRIDULA BANERJEE was seriously injured.

26. As a result of said accident and further delay in providing emergency medical treatment, plaintiff MRIDULA BANERJEE was permanently injured.

27. As a result of said accident and further delay in providing emergency medical treatment, plaintiff MRIDULA BANERJEE became and remains disabled.

28. To date, Plaintiff MRIDULA BANERJEE has undergone surgery and required extended hospitalization, physical therapy and nursing care as a result of said accident.

29. As a result of said accident and further delay in providing emergency medical treatment, MRIDULA BANERJEE has suffered great pain, agony, and mental anguish and will continue to suffer in the future.

30. As a result of said accident and further delay in providing emergency medical treatment, plaintiff MRIDULA BANERJEE suffered economic loss in the past and shall continue to suffer economic loss in the future.

31. As a result of said accident and further delay in providing emergency medical treatment, plaintiff MRIDULA BANERJEE was forced to expend sums of money on

medical treatment and shall continue to expend such funds in the future.

32. As a result of said accident and further delay in providing emergency medical treatment, plaintiff MRIDULA BANERJEE was deprived of her enjoyment of life, pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits.

33. As a result of the foregoing, defendant ETIHAD is liable to pay full, fair and reasonable damages to plaintiff under the Montreal Convention.

34. Pursuant to Article 21 of the Montreal Convention, Defendant ETIHAD cannot meet its burden of proving that its negligence did not cause or contribute to the accident, and to plaintiff's resulting injuries.

35. Pursuant to Article 21 of the Montreal Convention, Defendant ETIHAD cannot meet its burden of proving that plaintiff's injuries were caused solely by the acts of third parties who were not its agents or contractors or otherwise performing an essential or necessary airline function.

**WHEREFORE**, plaintiffs demand judgment against defendant ETIHAD in an amount to be determined at trial together with interest, costs and disbursements of this action.

Dated:  New York, New York

May 18, 2018                                                           **BOHRER & LUKEMAN**

_____
Abram I. Bohrer, Esq. (AB 4336)
*Attorney for Plaintiff*
5 Columbus Circle, Suite 1501
New York, NY  10019
Tel. No.: (212) 406-4232